UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WONG, an individual; PETER WONG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, a company; ROXANNE MOUNT, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-07530-WLH-SSC<br><br>**ORDER RE MOTION TO REMAND [12]** |

## I.   BACKGROUND

Eric and Peter Wong ("Plaintiffs") bring an action for breach of contract and insurance bad faith against Defendant American General Life Insurance Company ("AIG" or "Defendant AIG"), as well as an action for negligence against Defendant Roxanne Mount[1] ("Mount" or "Defendant Mount") (collectively, "Defendants"). (Complaint, Docket No. 1-1 ¶ 1).

---

[1] Roxanne Mount has been using her married name, Roxanne St. John, for the last thirteen years. (Declaration of Roxanne St. John in Supp. of Opp'n to Motion to Remand ("St. John Decl."), Docket No. 17-2 ¶ 1). The Court will refer to her as

1     Defendant AIG issued a life insurance policy (the "Policy") on the life of Peter
2 Wong ("Decedent") approximately eighteen years ago in 2006. (*Id.* ¶ 11). Decedent
3 made every payment without incident until approximately May 2023. (*Id.* ¶ 12). At
4 that point, Decedent had developed cancer "and became too sick and weak to make
5 his payments." (*Id.* ¶ 13). Plaintiffs allege that Defendants "had a common policy
6 that failed to comply with Insurance Code sections 10113.71 and 10113.72[,]
7 result[ing] in wrongful and ineffective lapses of Plaintiffs' and many other persons'
8 policies." (*Id.* ¶ 15).

    To support a claim of negligence against Defendant Mount, Plaintiffs allege
that she acted as a "dual agent" who "negligently handled this matter" while acting
"within the course and scope of said agency[.]" (*Id.* ¶ 2, 7, 9). In more specifically
describing Defendant Mount's relationship to and with Plaintiffs, they allege that she
"was the individual who communicated with the owner and/or insured, [*sic*] and
assumed a duty to assist with the owner and insured for [*sic*] in servicing and
maintaining the policy at issue, including that the amounts of premium was adequate
to cover the premium charge." (*Id.* ¶ 37). The only other specific allegation with
respect to Defendant Mount is that she "failed to ensure there was sufficient money in
place" to keep the Policy active. (*Id.* ¶ 38).

    Both Plaintiffs are citizens of California, and Defendant Mount is a citizen of
California. (Compl. ¶¶ 4-5, 7). Although Plaintiffs allege that Defendant AIG is a
citizen of California (*Id.* ¶ 6), Defendant AIG clarified that it is a citizen of Texas.
(Declaration of Derek Smith in Support of Notice of Removal ("Smith Decl."),
Docket No. 2 ¶ 4).

    On September 4, 2024, Defendant AIG filed a Notice of Removal based on
diversity jurisdiction.[2] (Notice of Removal, Docket No. 1). In support of the Notice

---

Defendant Mount, however, for the purposes of this Motion.
[2] Parties do not contest the timeliness of Defendants' removal pursuant to 28 U.S.C. § 1446(b). Nor is it contested that removal was proper absent Defendant Mount's or

2

of Removal, Defendant AIG alleges that the joinder of Defendant Mount was "fraudulent and . . . designed to prevent removal of the state-court action to this Court, where it properly belongs." (Notice of Removal ¶ 11). Defendant AIG argues that "there is no possibility Plaintiffs will be able to establish liability against Mount individually[,]" thereby making her a "sham defendant." (*Id.* ¶¶ 9, 4).

Before the Court is Plaintiffs' Motion to Remand. (Docket No. 12). The Motion is fully briefed. No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (See Standing Order, Docket No. 22 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for December 13, 2024, is **VACATED**, and the matter taken off calendar.

For the reasons explained below, the Court **DENIES** Plaintiff's Motion to Remand.

## II. DISCUSSION

### A. Legal Standard

The district courts of the United States are "'courts of limited jurisdiction.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Under 28 United States Code section 1332, a district court has original jurisdiction ("diversity jurisdiction") over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States." 28 U.S.C. § 1441(a). Diversity jurisdiction requires that

---

unnamed Does' consent. *See AGI Pub. Inc. v. HR Staffing, Inc.*, 2012 WL 3260519, at *2 (E.D. Cal. Aug. 8, 2012) (emphasizing that "[n]ominal, unknown, or fraudulently joined defendants are exempt from the general rule, [*sic*] and do not need to consent to a removal.").

3

each plaintiff be diverse from each defendant. *Exxon Mobil Corp.,* 545 U.S. at 553 (2005) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978)).

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). Although, typically, this means complete diversity of citizenship is required to remove a case from state court when removal is based on diversity jurisdiction, an exception exists "where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). Joinder is considered fraudulent when a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *Morris*, 236 F.3d at 1067 (citing to *McCabe v. General Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), *risk of overruling on separate grounds*). In assessing whether joinder is fraudulent, the court may consider facts outside of the pleadings. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Morris*, 236 F.3d at 1068.

"…[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing to *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (emphasizing that courts strictly construe the removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist). The party seeking removal bears the burden of establishing removal is proper. *Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009).

**B.   Analysis**

As a preliminary matter, the Court recognizes that, absent the addition of Defendant Mount, diversity jurisdiction is satisfied. *See* 28 U.S.C. § 1441. The amount in controversy exceeds $75,000.00, where Plaintiffs seek the payment of

benefits due under the policy,[3] in addition to attorneys' fees and punitive damages. (Compl. ¶¶ 33-34). Undoubtedly, this sum exceeds $75,000.00. Further, as highlighted above, Defendant AIG is a citizen of Texas, and Plaintiffs are citizens of California. (Smith Decl. ¶ 4; Compl. ¶¶ 4-5). Therefore, where the parties are completely diverse, and the amount in controversy is satisfied, this Court has diversity jurisdiction, absent Defendant Mount's joinder. *See Exxon Mobil Corp.,* 545 U.S. at 553 (2005).

      Accordingly, the Court now turns to whether Defendant Mount is a proper defendant, thereby destroying diversity jurisdiction which would in turn require remand to state court.

      Defendant AIG alleges that Defendant Mount was fraudulently joined with the purpose of destroying diversity jurisdiction. (Notice of Removal ¶ 11). Joinder is considered fraudulent when a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *Morris*, 236 F.3d at 1067 (citing to *McCabe v. General Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), *risk of overruling on separate grounds*). The only claim pertaining to Defendant Mount is the third cause of action for negligence. (Compl. ¶¶ 37-39). Accordingly, if Plaintiffs have obviously failed to state a claim of negligence against Defendant Mount, her joinder is fraudulent and does not destroy diversity jurisdiction.

      Under California law, an agent, when acting on behalf of a disclosed principal, is not personally liable for negligence committed during the scope of employment. *Lippert v. Bailey*, 241 Cal.App.2d 375, 382 (Ct. App. 1966) (hereafter, the "*Lippert* Rule"). Because Plaintiffs allege that Defendant Mount acted as Defendant AIG's agent, the *Lippert* Rule applies. (Compl. ¶ 9).

---

[3] While this exact figure is not provided by Plaintiffs, the Policy amount totaled $250,000.00. (Smith Decl. ¶ 5). Accordingly, the required amount in controversy is easily satisfied.

5

1 California courts have recognized two main exceptions to the *Lippert* Rule, which allow an agent to be liable for negligence committed during the scope of employment.[4] The first, the "dual agent" exception, applies where the "insurance agent act[s] on behalf of the insured in some way beyond his or her capacity as an agent for the insurer. An insurance agent cannot be a 'dual agent' unless he or she is either an independent broker or has a long-term, special relationship with the insured." *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 808 (N.D Cal. 1998) (citing to *Maloney v. Rhode Island Ins. Co.*, 251 P.2d 1027 (1953)).

The second generally recognized exception, the "special duty" exception, provides that "when the agent answers an insured's inquiry or otherwise makes an affirmative representation, the agent has 'the duty reasonably to inform an insured of the insured's rights and obligations under the insurance policy.'" *Carter v. Nationwide Ins.*, 2012 WL 4473084, at *5 (C.D. Cal. Sept. 25, 2012) (quoting *Paper Savers Inc. v. Nasca*, 51 Cal.App.4th 1090, 1097 (Ct. App. 1995) (internal citation and quotation marks omitted)). California courts have applied this exception where (1) agents have mispresented the nature, extent or scope of coverage; (2) the insured makes a request for a particular type or extent of coverage; (3) or the agent takes on an additional duty by implying an expertise in a given field of insurance being sought. *See Fitzpatrick v. Hayes*, 57 Cal.App.4th 916, 926-27 (Ct. App. 1997) (collecting cases of each scenario). This special duty applies to omissions as well in the context of negligent misrepresentation. *Carter*, 2012 WL 4473084, at *5. The Court addresses each exception in turn.

---

[4] A more "remote" line of cases holds that "'[a]n agent or employee is always liable for his own torts, whether his employer is liable or not.'" *Carter v. Nationwide Ins.*, 2012 WL 4473084, at *5 (C.D. Cal. Sept. 25, 2012) (quoting *Holt v. Booth*, 1 Cal.App.4th 1074, 1080 n.5 (Ct. App. 1991). This tends to apply in the context of intentional torts; to that end, insurance agents may be personally liable for intentional misrepresentation or fraud, which is not alleged in this case. *See McNeill v. State Farm Life Ins. Co.*, 116 Cal.App.4th 597, 603 (Ct. App. 2004). Accordingly, the Court declines to devote further analysis to this line of cases.

6

### *1. Plaintiffs Cannot Demonstrate that Defendant Mount Acted as a Dual Agent*

Much of Plaintiffs' initial argument focuses on whether an insurance agent can be sued for negligence. (Motion to Remand, Docket No. 12 at 6-7). The issue, however, is not whether any insurance agent can be sued for negligence; but rather, whether an exception to the *Lippert* Rule applies such that Defendant Mount, specifically, may be sued for negligence, despite being an agent of a disclosed principal.

Relying on *Quiroz v. Valley Forge Insurance Co.*, Plaintiffs argue that the "mere potential" of the application of the dual agent or special duty exceptions justifies remand. 2005 WL 1806366, at *5 (N.D. Cal. July 28, 2005). While the Court agrees with this general principle, Plaintiffs do not point to any part of the Complaint that suggests either of those two exceptions are applicable in the instant action. Merely citing to cases that support this principle does little to demonstrate that either of those two exceptions apply to Defendant Mount. This is particularly where such cases are readily distinguishable.

In *Quiroz*, plaintiff insured brought an action for breach of duty of good faith and fair dealing and breach of contract against the defendant insurance company, as well as a claim for professional negligence against the defendant insurance agent. *Id.* at *2. The defendant insurance company removed the action to federal court, alleging that the defendant insurance agent was fraudulently joined and that diversity jurisdiction was otherwise met. *Id.* at *2. The plaintiff had provided significant detail in the complaint regarding the defendant insurance agent's actions that would naturally "suggest that [the plaintiff] had reason to believe that [the defendant insurance agent] was acting as his agent." *Id.* at *6. The complaint alleged that the defendant insurance agent "initiated contact with [the plaintiff]," "made several recommendations to [the plaintiff] with respect to the scope of coverage" needed, recommended more than one company, and even made "certain recommendations

7

with respect to what information should, or should not be included in the insurance applications." *Id.* Further, the complaint alleged that the plaintiff relied upon information provided by the defendant insurance agent, and the facts demonstrated that the defendant insurance agent was actively engaged in securing a policy for the plaintiff as if his agent. For example, after the plaintiff's initial application was denied by Continental Assurance Company, the defendant insurance agent submitted a second application a different subsidiary on his behalf, even managing what information was and was not included in that application. *Id.* at *1. No such facts about Defendant Mount are provided, or even suggested, by Plaintiffs in the instant action.

    Plaintiffs further rely on *Kavanaugh,* which is similarly distinguishable. *Kavanaugh v. National Union Fire Ins. Co. of Pittsburgh, PA*, 2019 WL 3823904 (C.D. Cal. Aug. 15, 2019). In *Kavanaugh*, the plaintiff had also brought a claim of negligence against both the defendant insurance company and the insurance agent working for that company. *Id.* at *1. The defendant insurance company removed the action to federal court under the theory that the insurance agent was fraudulently jointed. *Id.* at *2. The defendant insurance company's only position, however, was that the insurance agent's status as an employee precluded any personal claims against her. *Id.* at *2. In that case, the defendant insurance company raised no arguments addressing the plaintiff's contention that the dual-agency exception applied. *Id.* *3. Accordingly, as the defendant did not meet its burden of "demonstrating by clear and convincing evidence that a jury could not possibly find [the defendant insurance agent] liable under a dual agency principle," the court remanded to the superior court. *Id.* Here, by contrast, Defendant AIG *has* provided clear and convincing evidence that Defendant Mount cannot be liable under a dual agency principle, as discussed further below. Accordingly, *Kavanaugh* is inapplicable.

    If anything Plaintiffs Complaint appears to demonstrate that neither exception applies. The extent of Plaintiffs' allegations against Defendant Mount include that she

8

"was the individual who communicated" with Plaintiffs and thereby that she "assumed a duty to assist with the owner and insured for [*sic*] in servicing and maintaining the policy at issue, including that the amounts of premium was [*sic*] adequate to cover the premium charge." (Compl. ¶ 37). For one, Plaintiffs allege that Decedent Peter Wong was responsible for making payments on the Policy and that he did so successfully until May 2023. (*Id.* ¶ 12). This does not support the notion that Defendant Mount had a responsibility to maintain the premium payments. For another, Defendant AIG demonstrated that Defendant Mount could not possibly be responsible for ensuring that sufficient money was in place to pay the Policy's premiums; as the Policy "does not pay dividends" and is a "[n]o dividends policy," there would be no way for her to ensure the Policy was, essentially, self-funded. (Frost Decl., Ex. A at 25). Finally, Defendant Mount ceased working as an insurance agent shortly after issuing the Policy to Plaintiffs, with her California insurance agent license lapsing sometime in 2007.[5] (St. John Decl. ¶ 7, 9). Though Defendant Mount "procured the policy" for Plaintiffs, she is not, and could not be, the "servicing agent for the policy or any other insurance policy" at the time of lapse, given her inactive license. (*Id.* ¶ 9). Plainly, the facts do not demonstrate, and seemingly cannot demonstrate, that Defendant Mount acted as a dual agent within the meaning of California's settled case law governing agents' liability.

Plaintiffs, in their Reply to Defendant AIG's Opposition ("Reply"), emphasize that evidence submitted by Defendant AIG inadvertently supports the contention that Defendant Mount acted as Plaintiffs' agent. (Reply, Docket No. 18 at 3). Pointing to

---

[5] A court may take judicial notice of documents available on government websites. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies."); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities). The Court takes judicial notice of the California Department of Insurance webpage, which confirms that Defendant Mount's license expired in 2007. (Frost Decl., Ex. B).

9

the contact information noted in the Statement of Policy Cost and Benefit Information ("Policy Statement"), dated February 14, 2015, Plaintiffs argue that Defendant Mount must have been "Plaintiffs' agent long after 2007."[6] (Policy Statement, Docket No. 17-1, Exhibit A at 17; Reply at 3). Plaintiffs contend that because the Policy Statement includes the language "For additional information about this policy: Contact Roxanne E. Mount," that this is sufficient to create a dispute of fact regarding Defendant Mount's purported dual agency. (*Id.* at 3-4). The Court disagrees. Far from creating a dual agency relationship, this merely indicates that Defendant Mount, who procured the policy for Plaintiffs, would be the person to contact with questions about the Policy. Plaintiffs further allege in a footnote that, "if, by this time, Mount was no longer the agent serving the policy, this document shows that Mount was negligent in transferring her obligations under the policy to another insurance agent." (*Id.* at 4). This contention is not accompanied by legal authority that would support the idea that Defendant Mount could be found liable for negligence in this context, or that such conduct could survive the statute of limitations. Accordingly, the Court rejects this unsupported argument.

In sum, there is no reason to conclude that Defendant Mount "act[ed] on behalf of the insured in some way beyond [her] capacity as an agent for the insurer," is an "independent broker" or that she established "long-term, special relationship" with Plaintiffs that imply she acted as a dual agent. *See Good*, 5 F.Supp.2d at 808 (N.D Cal. 1998) (citing to *Maloney v. Rhode Island Ins. Co.*, 251 P.2d 1027 (1953)). To the contrary, the facts indicate that Defendant Mount acted solely within her typical capacity as an insurance agent, procuring a single policy for Plaintiffs in the six-month window she worked for Defendant AIG as an agent. (St. John Decl. ¶¶ 7-8). Conclusory statements that Defendant Mount acted as a "dual agent," without more,

---

[6] The Court notes that Plaintiffs reference the Policy at issue but fail to produce the document, or relevant language, within their Complaint.

10

are insufficient to support that contention. (Compl. ¶¶ 2, 7). Plaintiffs' failure to provide facts supporting this theory suggests that such facts do not exist.

Accordingly, the Court concludes that the dual agency exception to the *Lippert* Rule is inapplicable.

### 2. *Plaintiffs Cannot Demonstrate that Defendant Mount Owed a Special Duty*

California courts have applied the "special duty" exception where (1) agents have mispresented the nature, extent or scope of coverage; (2) the insured makes a request for a particular type or extent of coverage; (3) or the agent takes on an additional duty by implying an expertise in a given field of insurance being sought. *See Fitzpatrick v. Hayes*, 57 Cal.App.4th 916, 926-27 (Ct. App. 1997) (collecting cases of each scenario).

Plaintiffs do not contend that Defendant Mount misrepresented the nature, extent or scope of coverage, nor do they imply they made a request for a particular type or extent of coverage. As such, the first two situations are inapplicable.

Rather, they allege that Defendant Mount "communicated" with Plaintiffs about the policy and "assumed a duty to assist with the owner and insured for [*sic*] in servicing and maintaining the policy at issue, including that the amounts of premium was [*sic*] adequate to cover the premium charge." (Compl. ¶ 37). In theory, then, the "additional duty" implied by Plaintiffs is that Defendant Mount had a responsibility to ensure there was sufficient funds to cover the premium payments. As discussed above, it cannot have been Defendant Mount's duty to ensure that the premiums were paid, as the Policy "does not pay dividends." (Frost Decl., Ex. A at 25). Further, Plaintiffs admitted that Decedent was responsible for making payments, as evidenced by the seventeen years he successfully made the payments himself. (Compl. ¶ 12). Even if, *arguendo*, Defendant Mount *had* assumed some additional duty to assist Plaintiffs in "servicing and maintaining" the Policy – allegations which are unsupported by any facts presented or even alleged by Plaintiffs, such as

11

documentation of this arrangement – any such duty to service and maintain would naturally have expired along with her insurance agent license seventeen years ago. The evidence offered by Defendant AIG makes clear that Plaintiffs cannot demonstrate that Defendant Mount owed a special duty, such that she could be held liable for negligence occurring in the scope of her employment with Defendant AIG.

While Plaintiffs argue that Defendant AIG has failed to prove by clear and convincing evidence that Defendant Mount "did not have a past relationship with Plaintiffs[,]" they have also have given the Court no reason to conclude that she did. (Reply at 4). The Complaint does not suggest any long-term relationship, nor is any supporting evidence provided that might demonstrate a relationship apart from the standard one between an insurance agent and an insured for whom a policy was procured. Attacking Defendant Mount's declaration for stating only that she has "no recollection or records . . . of communicating with any individual related to the insurance policy," is unconvincing when no information has been presented by Plaintiffs to the contrary. (St. John Decl. ¶ 13; Reply at 4).

Finally, Plaintiffs argue that *Fernandez v. Transmerica Life Ins. Co.* is analogous to the instant matter and requires the Court to grant the Motion to Remand. 2024 WL 1354295 (C.D. Cal. Mar. 29, 2024). There, the plaintiff had similarly filed suit against both the life insurance company and the agent, alleging negligence against the insurance agent with respect to a lapsed policy. *Id.* at *1. The defendant insurance agent had not procured the policy for the plaintiff but had been the agent to assist the plaintiff with a reinstatement request form once the policy had lapsed. *Id*. at *3. The court concluded that the dual-agency exception was inapplicable, given that the defendant insurance agent was neither an independent contractor nor had a long-term, special relationship with plaintiffs. *Id.* In assessing whether the special duty exception applied, the court reviewed the various ways the defendant insurance agent may have assumed a special duty. *Id*. at *4. First, the court noted that the defendant insurance agent "admit[ted] that he was the agent servicing Decedent's policy," as he

12

had taken over from the predecessor agency who sold the policy and had since left the agency. *Id.* The court acknowledged that "it seems unlikely that [the defendant insurance agent] could undertake any duties relating to the lapse of Decedent's policy" and that it "seems unlikely that [the defendant insurance agent] ever held himself out to Plaintiff or Decedent as their agent or did anything else to assume a special duty[.]" *Id.* Regardless, the court concluded that because the special relationship was "contested," that the dispute must be resolved in the plaintiff's favor. *Id.*

In reaching this determination, however, the court in *Fernandez* focused almost exclusively on the fact that the defendant insurance agent, in his declaration, did not "outright deny that he spoke to Decedent regarding the premium payments." *Id.* at *4. While it is true that Defendant Mount's declaration similarly only states that she has "no recollection or records indicating that [she] agreed or represented to [Decedent] that [she] would assist him with payment of life insurance policy premiums," the matter is factually distinguishable. (St. John Decl. ¶ 13). In instant matter, Defendant Mount has made no admission that she has continued to be the servicing agent on the Policy; in fact, she makes clear that, over the last fifteen years she has "not managed or assisted with the management of any insurance policy, nor [has] [she] received commissions for any insurance policy (including the insurance policy at issue in this litigation) that [she] procured or serviced as an agent." (*Id.* ¶ 14). While the defendant insurance agent's declaration in *Fernandez* left open the possibility that an arrangement was made with respect to premium payments, particularly as he was the servicing agent on the policy who was helping to assist with reinstatement, the same cannot be said for Defendant Mount. Defendant Mount cannot have been the servicing agent at the time of lapse, as her inactive license at that time forecloses any possibility that she could have maintained a responsibility to service the Policy; such a duty to ensure premium payments were on the Policy, if it did exist, surely cannot logically survive past the termination of both Defendant Mount's employment with

13

Defendant AIG and her required professional licensing. The Court, therefore, rejects Plaintiffs' argument that *Fernandez* requires remand.

Accordingly, the Court concludes that the special duty exception to the *Lippert* Rule is inapplicable. The possibility that Plaintiffs could state a claim against Defendant Mount is "fanciful" at best. *Cf Barsell v. Urban Outfitters, Inc.*, 2009 WL 1916495, at *3 (C.D. Cal. July 1, 2009) (alteration in original) ("[I]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand"). As such, Defendant Mount's joinder is fraudulent and does not destroy diversity jurisdiction. *See Hunter*, 582 F.3d at 1043 (quoting *Morris*, 236 F.3d at 1067).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED**. The Court, *sua sponte*, **ORDERS** a judgment of dismissal, with prejudice, as to Defendant Mount.

**IT IS SO ORDERED.**

Dated: December 9, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE